IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCELINO RUIZ, #55763-177 | § § § § | |
| Movant, | § § | No. 3:20-cv-03670-M-BT |
| v. | § § | No. 3:17-cr-00190-M-1 |
| UNITED STATES of AMERICA, | § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Marcelino Ruiz, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Ruiz's § 2255 motion.

## Background

Ruiz pleaded guilty to conspiracy to possess with the intent to distribute heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 846 (21 U.S.C. § 841(a)(1) and (b)(1)(C)). On February 8, 2018, the District Court sentenced him to 108 months' imprisonment. Ruiz appealed to the Fifth Circuit Court of Appeals. Ruiz's appellate attorney moved for leave to withdraw and filed briefs in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). The

Fifth Circuit concurred with counsel's assessment that the appeal presented no nonfrivolous issues for appellate review and dismissed the appeal. *United States v. Ruiz*, 787 F. App'x 268 (5th Cir. 2019) (per curiam).

Ruiz then filed a "Motion To Appoint Counsel" (CR ECF No. 53), which the Court construed as a § 2255 motion, in part, and a motion to appoint counsel under the First Step Act of 2018 (FSA), in part. (CR ECF No. 55; CV ECF No. 1.) The Court further determined that Ruiz was attacking his conviction and opened a new § 2255 case. (CR ECF No. 55; CV ECF No. 1.) The Court denied Ruiz's request for the appointment of counsel under the FSA. (CR ECF No. 55.)

The Court gave Ruiz warnings under *Castro v. United States*, 540 U.S. 375 (2003), and directed him to either withdraw his motion or amend it to include all his claims. (CV ECF No. 4.) Ruiz filed an amended motion, Am. Mot. (CV ECF No. 10), but the Court observed that the motion was not filed on the court-approved form and directed Ruiz to file his motion on the proper form. (CV ECF No. 11.) Ruiz then filed a second amended motion, in which he argues that his appointed trial attorney provided ineffective assistance of counsel when he failed to object to the calculation of his criminal history score at sentencing. 2nd Am. Mot. 7-8 (CV ECF No. 15). The Government responds that Ruiz's sole claim of ineffective assistance of counsel is meritless, and his motion should be denied with prejudice. Ruiz filed a reply. Accordingly, the motion is ripe for determination.

2

## Legal Standards and Analysis

To prevail on a claim of ineffective assistance of counsel, Ruiz must show: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if Ruiz proves his counsel's performance was deficient, he must still prove prejudice. To demonstrate prejudice, he must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

1.  <u>Ruiz failed to demonstrate that his attorney provided ineffective assistance of counsel at sentencing</u>.

Ruiz argues that his trial attorney provided ineffective assistance of counsel at sentencing when he failed to object to the calculation of his criminal history score. 2d Am. Pet. 7-8 (CV ECF No. 15). Specifically, Ruiz contends that the Court improperly counted three Texas convictions in determining his criminal history score: (i) 2005 conviction for possession of marijuana (PSR ¶ 36), (ii) 2006 conviction for unlawful carrying of a weapon, a handgun, (PSR ¶ 37), and (iii) 2006 conviction for possession of marijuana (PSR ¶ 39). 2d Am. Pet. 7-8 (CV ECF No. 15). Ruiz argues that the three prior convictions should not have counted towards his criminal history score because they were more than ten years old on the date he was sentenced, February 8, 2018. *Id.*

Under the guidelines, the total points from subsections (a) through (e) of U.S.S.G. § 4A1.1 determine a defendant's criminal history score:

(a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.

(b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

(c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.

(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

> (e) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection.

U.S.S.G. § 4A1.1. The Court should assign two points should to a prior sentence of imprisonment greater than sixty days but less than thirteen months, that was imposed within ten years of the defendant's commencement of the instant offense. *See* U.S.S.G. §§ 4A1.1(b), 4A1.1, comment. (n.2).

Here, the Court determined Ruiz had a criminal history score of 7— which fell into Criminal History Category Level IV. (PSR ¶ 41; *see also* CR ECF No. 40 (adopting the criminal history calculation in the PSR)). The Court calculated his score, giving him (i) 2 points for a 2005 *nolo contendere* conviction for possession of marijuana for which he was placed on deferred adjudication probation for twelve months, (PSR ¶ 36); (ii) 2 points for a 2006 conviction for unlawful carrying of a weapon, a handgun, for which he was sentenced to 90 days' imprisonment, (PSR ¶ 37); (iii) 2 points for a 2006 conviction for possession of marijuana for which he was sentenced to 75 days' imprisonment, (PSR ¶ 39); and (iv) 1 point for a 2009 *nolo contendere* conviction for burglary of a vehicle for which he received 300 days' imprisonment, (PSR ¶ 40).

    a.    <u>2006 convictions</u>

The Court assigned two criminal history points to Ruiz's 2006 conviction for unlawfully carrying a weapon, a handgun, (PSR ¶ 37), and an additional two criminal history points for his 2006 conviction for possessing marijuana, (PSR ¶ 39). Ruiz argues that his attorney should have objected to the points assigned to these 2006 convictions because each conviction was more than ten years old. 2d Am. Mot. 7-8 (CV ECF No. 15.) But Ruiz admitted in his Factual Resume that the conduct supporting his drug-trafficking conviction began sometime in October 2015. (CR ECF No. 19 at 2.) The sentences on Ruiz's two 2006 convictions were imposed within ten years of his commencement of the instant offense. Therefore, the Court correctly assigned two criminal history points to both of Ruiz's 2006 convictions, U.S.S.G. §§ 4A1.1(b), 4A1.1, comment. (n.2), and any objection by Ruiz's attorney at sentencing would have been overruled. For these reasons, Ruiz cannot demonstrate that his attorney's failure to object amounted to deficient performance under *Strickland*, or that he was somehow prejudiced. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (failure to raise a meritless argument cannot support an ineffective assistance of counsel claim); *see also United States v. Israel*, 838 F. App'x 856, 868 (5th Cir. 2020) (trial counsel's failure to raise a meritless argument cannot form the basis for an ineffective assistance of counsel claim because the result of the proceeding would not have been different if counsel

had raised the issue) (citing *Kimler*, 167 F.3d at 893). Ruiz's ineffective assistance of counsel claim fails under both prongs of the *Strickland* standard, and it should be denied.

Ruiz also appears to argue that his 2006 conviction for unlawfully carrying a weapon, a handgun, and his 2006 conviction for possessing marijuana should not have counted toward his criminal history score because he did not spend more than sixty days in "actual jail custody" on either sentence. 2d Am. Mot. (CV ECF No. 15 at 8). Ruiz's argument is misplaced. The length of the sentence imposed—not the actual time spent in custody—controls the number of criminal history points imposed for a prior sentence. U.S.S.G. § 4A1.2, comment. (n.2) ("[C]riminal history points are based on the sentence pronounced, not the length of time actually served."). Accordingly, any objection by Ruiz's attorney on this basis would have been overruled as meritless. *See Kimler*, 167 F.3d at 893; *see also Israel*, 838 F. App'x at 868.

    b.   <u>2005 conviction</u>

The Court also assigned two criminal history points to Ruiz's March 2005 conviction for possession of marijuana. (PSR ¶ 36.) Even if Ruiz could demonstrate that his attorney's performance was deficient for failing to object to the inclusion of this conviction in his criminal history, he has failed to show he suffered prejudice.

7

To demonstrate prejudice, Ruiz must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312 (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart*, 506 U.S. at 369).

Ruiz has failed to demonstrate that there is a "reasonable probability" that if his attorney had objected to the criminal history points assigned to his 2005 conviction for possession of marijuana, he would have received a lighter sentence. *See Crane*, 178 F.3d at 312. If his attorney had objected to the inclusion of the 2005 conviction in Ruiz's criminal history and that objection had been sustained, his new Criminal History Category Level would have been III, and his guideline range would have been 87-108 months' imprisonment. *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table). Consequently, in either case, the sentence Ruiz received, 108 months' imprisonment, fell within his guideline range.

Moreover, at sentencing, the District Court was clear that it based Ruiz's sentence on the sentencing factors in 18 U.S.C. § 3553(a) and not the guideline range. The District Court addressed Ruiz's history and characteristics. (CR ECF No. 43 at 41.) Specifically, the District Court noted that Ruiz fell into Criminal History Category Level IV, but found that it was

8

"pretty light," which would be considered. *Id.* The District Court stated that it would impose a sentence that reflected the seriousness of Ruiz's crime, promoted a respect for the law, justly punished Ruiz, deterred others from engaging in similar conduct, and protected the public. *Id.* at 41-42. In particular, the District Court considered Ruiz's crime—supplying black tar heroin to drug dealers in North Texas—as "extremely dangerous" as the "vile substance" resulting in "kids d[ying] in Allen and Plano." *Id.* at 43. The District Court weighed and balanced each of the § 3553(a) factors and ultimately determined that the "appropriate sentence" in Ruiz's case was 108 months' imprisonment. *Id.* at 42.

For these reasons, Ruiz has failed to demonstrate that there is a reasonable probability his sentence would have been lower than 108 months if his attorney had objected to two criminal history points being assigned to Ruiz's 2005 conviction for possession of marijuana. *United States v. Lee*, 368 F. App'x 548, 554–55 (5th Cir. 2010) (per curiam) (recognizing the advisory guidelines range was only a "minor factor" in the district court's sentence determination, and there was no indication a lower guideline range would have resulted in a lower sentence); *see also Xiao Chen Lin v. United States*, 2021 WL 1110705, at *7 (N.D. Tex. Mar. 4, 2021), *rec. adopted*, 2021 WL 1102078 (N.D. Tex. Mar. 23, 2021).

## Recommendation

The Court should DENY Ruiz's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed October 21, 2022.

                            _____
                            REBECCA RUTHERFORD
                            UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)